**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YVONNE THOMAS MOORE, | ) NO. CV 17-3933-E |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | ) ORDER OF REMAND |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on May 25, 2017, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge. See Statements of Consent, filed June 19, 2017 and July 21, 2017.

On March 6, 2018, the parties filed a "Joint Stipulation." On April 25, 2018, this case was reassigned to Magistrate Judge Charles F. Eick.

**BACKGROUND**

Plaintiff, a former home care provider and customer service representative, asserts disability since June 1, 2012, based on, inter alia, alleged fibromyalgia (Administrative Record ("A.R.") 30-43, 192, 207, 314-15, 684-85). A treating physician diagnosed fibromyalgia after finding 14 of 18 "trigger points" (A.R. 684-85). Plaintiff testified to pain, fatigue and other symptomatology of allegedly disabling severity (A.R. 76-77, 96-97).

An Administrative Law Judge ("ALJ") denied Plaintiff's claim (A.R. 30-45). In doing so, the ALJ found that Plaintiff's alleged fibromyalgia is "not a medically determinable impairment" (A.R. 35). The ALJ discounted the credibility of Plaintiff's subjective allegations based on, among other things, an asserted lack of objective evidence to substantiate those allegations (A.R. 42). The Appeals Council denied review (A.R. 1-4).

**STANDARD OF REVIEW**

Under 42 U.S.C section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v.

Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and detracts from the [administrative] conclusion.

**DISCUSSION**

Substantial evidence fails to support the ALJ's finding that Plaintiff's alleged fibromyalgia is not a medically determinable impairment. The ALJ stated that "there is an absence of clinical evidence satisfying the criteria of [Social Security Ruling] 12-2 for the establishment of fibromyalgia" (A.R. 35). As Plaintiff points out, the clinical evidence of record refutes this statement. See Joint Stipulation at 5-8; A.R. 684-85; see also Buell v. Berryhill, 716 Fed. App'x 600, 601-02 (9th Cir. 2017); Allen v. Colvin, 2016 WL 7368128, at *3 (W.D. Wash. Jan. 8, 2016), adopted, 2016 WL 7368129 (W.D. Wash. Feb. 8, 2016).
///
///

1    Defendant's contentions regarding this issue as set forth in the
 2   Joint Stipulation do not attempt to defend the ALJ's failure to find
 3   Plaintiff's alleged fibromyalgia to be a medically determinable
 4   impairment (Joint Stipulation at 8-9).  Rather, Defendant contends that
 5   any error in this regard was harmless because the ALJ found other
 6   alleged impairments to be severe (id.).  Defendant appears to argue
 7   that the ALJ necessarily considered the effects of Plaintiff's alleged
 8   fibromyalgia when defining Plaintiff's residual functional capacity,
 9   despite having found the alleged fibromyalgia not to be a medically
10   determinable impairment (id.).  As discussed below, this apparent
11   argument must be rejected for at least two independently sufficient
12   reasons.

14      First, Defendant confuses a failure to find that an alleged
15   impairment is medically determinable with a failure to find that a
16   medically determinable impairment is severe.  In assessing residual
17   functional capacity, the Administration must consider all medically
18   determinable impairments, even those deemed not severe.  20 C.F.R. §
19   404.1545(a)(2).  However, in assessing residual functional capacity,
20   the Administration considers only medically determinable impairments.
21   See id.; Butler v. Colvin, 2016 WL 8232243, at *4-5 (E.D. Wash. Aug.
22   23, 2016) ("the ALJ found Plaintiff's fibromyalgia was not medically
23   determinable. . . .  Consequently, the ALJ did not incorporate
24   Plaintiff's alleged limitations from her fibromyalgia into the RFC
25   [residual functional capacity] finding. . . . [B]y classifying
26   Plaintiff's fibromyalgia as a non-medically determinable impairment -
27   rather than a severe or non-severe impairment - the ALJ excluded the
28   effects of this condition when formulating Plaintiff's RFC, rendering

the ALJ's RFC finding suspect") (citations and quotations omitted). Therefore, the ALJ did not consider the effects of Plaintiff's alleged fibromyalgia when defining Plaintiff's RFC. See id.; see also A.R. 40.

Second, the ALJ's error may well have affected the ALJ's assessment of Plaintiff's credibility. The ALJ rejected Plaintiff's testimony regarding allegedly disabling symptomatology in part because of an asserted lack of support from the objective medical record. If the ALJ had found Plaintiff's alleged fibromyalgia to be a medically determinable impairment, an impairment with which some of Plaintiff's allegedly disabling symptomatology sometimes is associated, the ALJ may have viewed the credibility of Plaintiff's testimony in a materially different light. See, e.g., Buell v. Berryhill, 716 Fed. App'x at 602 ("the ALJ arrived at his adverse credibility finding after first determining at Step Two that Buell did not have a fibromyalgia-related severe MDI [medically determinable impairment]. If the ALJ had in front of him a valid diagnosis of fibromyalgia, it stands to reason that Buell's symptoms and behavior would have appeared in a different and more favorable light. Accordingly, we vacate the ALJ's adverse credibility finding without prejudice to revisiting this issue on remand"); Kerley v. Berryhill, 2017 WL 3128390, at *4 (W.D. Wash. July 24, 2017) (failure to find fibromyalgia to be a medically determinable impairment not harmless where "[p]art of the rationale for the ALJ's failure to credit fully Plaintiff's allegations was that the medical evidence is not consistent with those allegations . . ."); Allen v. Colvin, 2016 WL 7368128, at *4 ("If Plaintiff's fibromyalgia had been properly considered, the ALJ may have found Plaintiff's testimony
///

regarding her pain, fatigue, and ability to function more credible, which may have impacted the RFC determination").

Thus, the Court is unable to deem the errors in the present case to have been harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the errors discussed herein. McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course if remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is not the proper remedy "in all but the rarest cases"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered
///

questions in the record"). There remain significant unanswered questions in the present record.

**CONCLUSION**

For all of the foregoing reasons, the decision of the Commissioner is reversed in part and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 7, 2018.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE